MATTER OF M——Y——C——

In DEPORTATION Proceedings

A-11721430

*Decided by Board May 4, 1959*

Presumption of lawful admission—8 CFR 101.1(j)—Amendment of April 3, 1959, applies to cases arising prior thereto.

The April 3, 1959, amendment to 8 CFR 101.1(j), accompanied by the Commissioner's statement that it was intended to express the exact intention of this regulation as originally published on November 26, 1958, is given a binding effect. Hence, the presumption of lawful admission conferred by 8 CFR 101.1(j) will not apply to the case of an alien admitted in 1950 at the age of 13 who never was the child of a United States citizen.

CHARGE:

Order:   Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry—No immigrant visa.
APPLICATION:   That respondent be regarded as having been lawfully admitted for permanent residence pursuant to 8 CFR 101.1(j).

## BEFORE THE BOARD

**Discussion:** On March 6, 1959, the special inquiry officer denied the application and directed respondent's deportation from the United States in the manner provided by law on the charge set forth in the order to show cause. The appeal will be dismissed.

The record relates to a 21-year-old male alien, a native and national of China of the Chinese race, whose only entry into the United States occurred on September 7, 1950. He was then in possession of a travel affidavit, a document in lieu of a passport, executed before a Vice-Consul of the United States at Hong Kong. He was admitted as a United States citizen upon a claim to have derived such citizenship from one J——W——S——. He has testified that J——W——S—— was not his blood father; that his parents died in China when he was 6 years of age; that he has never been a citizen of the United States; and that at the time of his entry he was not in possession of an immigrant visa. Accordingly, his deportability on the above-stated charge, which is uncontested here, is established.

313

The special inquiry officer's denial of the application is predicated on a finding that the respondent's case does not come within the scope of 8 CFR 101.1(j) because the issuance of the travel document which he presented on arrival was induced by fraud. Counsel, however, claims that fraud or misrepresentation cannot be imputed to this respondent who was only 13 years and 10 months of age at the time of his arrival in the United States, citing *In re Tchak-alian's Petition*, 146 F. Supp. 501 (1956). He also contends that the conclusions of the special inquiry officer concerning this regulation (8 CFR 101.1(j)) appear contradictory to the unreported decision of this Board in the case of *L——W——K——* (A–8110659; Jan. 27, 1959).

8 CFR 101.1(j) was amended effective April 3, 1959. This amendment was accompanied by a statement of the Commissioner, as follows:

The amendment to § 101.1(j), which clarifies an existing rule, is designed to express the exact intention of this regulation as originally published on November 26, 1958, in 23 F.R. 9119.

The respondent cannot meet the requirements of the amended regulation, which is binding herein.

The evidence of record clearly establishes that the respondent is not now and never was the child of a United States citizen parent, which is one of the requirements contained in the regulation. Also, the only document he was issued was a "travel affidavit," and that is not a "passport" as specified in the regulation. These two factors adequately answer the arguments advanced by counsel and render inapplicable the cases cited in support thereof.

**Order:** It is ordered that the appeal be and the same is hereby dismissed.